**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-25981-CIV-DAMIAN**

**WILLIAM BORDES**,

Plaintiff,

v.

**CITY OF MIAMI and**
**OFFICER ODNEY BELFORT**,

Defendants.
___________________________________/

**ORDER ON PLAINTIFF'S**
**MOTION TO VACATE ORDER OF DISMISSAL, REOPEN CASE,**
**AND FOR LEAVE TO FILE RESPONSE OUT OF TIME [ECF NO. 32]**

**THIS CAUSE** is before the Court on Plaintiff, William Bordes's ("Plaintiff"), Motion to Vacate Order of Dismissal, Reopen Case, and for Leave to File Response Out of Time, filed July 29, 2026 [ECF No. 32 ("Motion")].

THIS COURT has reviewed the Motion, the Response and Reply thereto [ECF Nos. 35 and 37], the pertinent portions of the record, and the applicable law and is otherwise fully advised. For the reasons set forth below, the Motion is due to be denied.

## I. BACKGROUND

This action arises from the alleged false arrest of Plaintiff on May 31, 2023. [ECF No. 21 ("Second Amended Complaint")]. On May 2, 2025, Plaintiff, through counsel, initiated this civil rights lawsuit in the Eleventh Judicial Circuit Court in Miami-Dade County against Miami-Dade County Police Department, Miami-Dade County, and Officer Odney Belfort, asserting claims for false arrest, false imprisonment, negligence, intentional

infliction of emotional distress, and a civil rights violation under 42 U.S.C. § 1983. [ECF No. 1-2, at 7–11].

In October 2025, Plaintiff filed an Amended Complaint asserting the same causes of action, this time against City of Miami, City of Miami Police Department, and Officer Odney Belfort. [ECF No. 1-1]. On December 18, 2025, Defendants City of Miami and City of Miami Police Department removed the state court action to this Court pursuant to 28 U.S.C. § 1441(a). [ECF No. 1].

On April 2, 2026, Plaintiff filed a Second Amended Complaint, the operative pleading, with leave of Court. [ECF Nos. 14 and 21]. In the Second Amended Complaint, Plaintiff named the City of Miami and Officer Belfort as Defendants and asserted four causes of action: (1) 42 U.S.C. § 1983 – False Arrest Against Officer Belfort (Count I); (2) 42 U.S.C. § 1983 – Municipal Liability Against City of Miami (Count II); (3) False Arrest Under Florida Law Against Officer Belfort (Count III); and (4) False Imprisonment Under Florida Law Against Officer Belfort (Count IV). [ECF No. 21].

On April 3, 2026, this Court entered a Scheduling Order setting the case for trial during this Court's two-week trial period beginning on January 25, 2027. [ECF No. 22]. This matter was also referred to the Magistrate Judge for a settlement conference, which was set for July 8, 2026. [ECF No. 30].

On April 16, 2026, Defendants filed a Motion to Dismiss the Second Amended Complaint. [ECF No. 24]. As reflected on the court docket, a response to the Motion to Dismiss was due by April 30, 2026, pursuant to Local Rule 7.1(c). Further, a notice of electronic filing ("NEF") was emailed to the parties to notify them of the filing of the Motion to Dismiss states "Responses due by 4/30/2026." *See id.* Plaintiff's counsel, Adam

E. Miller, was registered with the Court's CM/ECF filing system such that he received copies of all docket entries to the email addresses he registered with the Court: adam@adammillerlaw.com; litigation@adammillerlaw.com; and patty@adammillerlaw.com. Plaintiff failed to file an opposing memorandum to the Motion to Dismiss within the time permitted under the Local Rules or request an extension of time to do so.

On May 13, 2026, this Court entered an Order noting Plaintiff's failure to file an opposing memorandum of law to the Motion to Dismiss. *See* ECF No. 28 (the "Show Cause Order"). This Court *sua sponte* extended the deadline for Plaintiff to file an opposing memorandum of law to May 18, 2026, or show cause in writing why the Motion to Dismiss should not be granted by default. *See id.* This Court's Show Cause Order further advised that failure to respond by May 18, 2026, would result in the Motion being granted by default without further notice. Again, Plaintiff failed to file a response to the Motion to Dismiss by the extended deadline. Ten days passed without any filing from Plaintiff.

Thus, on May 28, 2026, this Court entered an Order granting in part the Motion to Dismiss based on Plaintiff's failure to respond to the motion, dismissing the Second Amended Complaint without prejudice, and directing the Clerk to close the case. *See* ECF No. 31 ("Order of Dismissal").

Two months later, on July 29, 2026, Plaintiff filed the Motion now before this Court seeking vacatur of the Order of Dismissal, to reopen the case, and to file a belated response to the Motion to Dismiss. [ECF No. 32]. On August 21, 2026, Defendants filed a Response to the Motion [ECF No. 35], and on August 28, 2026, Plaintiff filed a Reply [ECF No. 37]. The Motion is fully briefed and ripe for adjudication.

## II. THE PARTIES' ARGUMENTS

Plaintiff filed the instant Motion, pursuant to Rules 59(e), 60(b)(1), and 6(b)(1)(B) of the Federal Rules of Civil Procedure, requesting that the Court vacate the Order of Dismissal of his case due to the excusable neglect of his attorney, Adam E. Miller. Mot. at 1. Specifically, Plaintiff states that due to an inadvertent calendaring error in his attorney's office, the deadline to respond to the Motion to Dismiss was not entered into the firm's case management system. *Id.* In support, Plaintiff submitted the Affidavit of Adam Miller, in which Mr. Miller attests that a paralegal assigned to assist with this matter inadvertently failed to calendar the response deadline and that he was not alerted to the response deadline before it expired. [ECF No. 32-1]. Plaintiff maintains that these facts demonstrate excusable neglect and, without any elaboration, that the relevant factors "favors relief here." Mot. at 2. Plaintiff further asserts he has a good-faith basis to oppose the Motion to Dismiss and therefore requests resolution of his case on the merits. Plaintiff attached a four-and-a-half-page Response to the Motion to Dismiss as an exhibit to the instant Motion. [ECF No. 32-2].

In their Response, Defendants raise several grounds for why Plaintiff's Motion should be denied. First, Defendants point out that the Motion is procedurally and substantively defective on its face because it lacks a memorandum of law in support and has no cited authorities to warrant granting relief. Resp. at 4–5. Defendants also argue that Plaintiff cannot proceed under Rule 59(e) because such motion must be filed no later than 28 days after entry of judgment and that Plaintiff cannot meet the Rule 60(b) standard for excusable neglect. Resp. at 5–11. Specifically, Defendants contend that any calendaring error and alleged lack of notice are insufficient reasons to satisfy the excusable neglect

standard. *Id.* at 6–9. They also point to Plaintiff's failure to address the circumstances surrounding counsel's oversights, including why counsel did not comply with this Court's extended deadline to oppose the Motion to Dismiss or show cause for the lack of a response and why it took Plaintiff's counsel two months from the Order of Dismissal to file the instant Motion. *Id.* at 8. Finally, Defendants ague that Plaintiff's belated Response to the Motion to Dismiss fails to sufficiently address the arguments raised in the motion, and, therefore, Defendants request that this Court dismiss the action with prejudice if this Court accepts the out-of-time response as Plaintiff has had multiple opportunities to amend his pleading. *Id.* at 12–15.

In his Reply, Plaintiff's counsel acknowledges the failures pointed out by Defendants and accepts responsibility for them and concedes that the reason for the delay weighs against Plaintiff. Reply at 1–2. Plaintiff, however, asserts that the applicable statute of limitations has now expired and unless the Order of Dismissal is vacated, Plaintiff will be permanently barred from pursuing his claims due to counsel's procedural omission. *Id.* 11–13. Notably, Plaintiff does not specify the applicable statute of limitations for his claims. Plaintiff further asserts that his attorney's excusable neglect does not establish bad faith and that Defendants have not shown that their ability to defend this action has been prejudiced. Plaintiff therefore seeks relief under Rule 60(b) and requests that this Court vacate the Order of Dismissal, reopen the case, and accept Plaintiff's belated Response to Defendant's Motion to Dismiss.

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically authorize motions for rehearing or reconsideration. However, under Rule 60(b)(1) and upon a proper motion, a

court may relieve a party from a final judgment, order, or proceeding based on mistake, inadvertence, surprise, or excusable neglect. Such "motions for relief from judgment are subject to the trial court's discretion." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (citing *Am. Home Assurance v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)). In general, Rule 60(b) motions must be equitably and liberally applied to achieve substantial justice. *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980).

A motion pursuant to Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order of the date of the proceeding[.]" Fed. R. Civ. P. 60(c)(1). A motion pursuant to Rule 60(b)(1) "must" also be made "within a reasonable time . . . ." *Id.* In the Eleventh Circuit, "[w]hat constitutes a 'reasonable time' depends upon the circumstances of each case, including 'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner.'" *Gill v. Wells*, 610 F. App'x 809, 812 (11th Cir. 2015) (quoting *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008) (quotations omitted)). Further, a motion pursuant to Rule 60(b)(1) "may be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired." *Kerruish v. Essex Holdings, Inc.*, 839 F. App'x 428, 431–32 (11th Cir. 2021).

## IV. DISCUSSION

As an initial matter, this Court agrees with Defendants that Plaintiff's two-and-a-half-page Motion is barebones and fails to comply with Local Rule 7.1(a)'s requirement that "every motion when filed and served shall incorporate a memorandum of law citing supporting authorities" unless the motion is excepted within an enumerated list. Notwithstanding the foregoing and given that Plaintiff's Reply is somewhat more

substantial than the Motion, this Court will excuse Plaintiff's technical noncompliance with the Local Rules for purposes of addressing the relief sought.

***A. Rule 60(b)(6).***

Plaintiff seeks an order vacating this Court's Order of Dismissal pursuant to Rule 60(b)(1) based on his attorney's inadvertence and excusable neglect. Although Plaintiff briefly mentions both inadvertence and excusable neglect, he primarily discusses the law regarding excusable neglect in his Reply and counsel's affidavit focuses on excusable neglect.

A party seeking relief on the basis of excusable neglect must show that (1) "it had a meritorious defense [or claim] that might have affected the outcome," (2) "granting the motion would not result in prejudice to the opposing party," and (3) "good reason existed for the party's omission." *Revere v. McHugh*, 362 F. App'x 993, 999 (11th Cir. 2010) (citation omitted). The relevant factors to consider in determining whether a litigant has shown excusable neglect are: (1) "the danger of prejudice" to the non-moving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007).

The Eleventh Circuit has expressly opined that "attorney negligence or oversight is rarely grounds for relief" under Rule 60(b). *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., Ala.*, 920 F.2d 788, 792 (11th Cir.

1991); *Revere*, 362 F. App'x at 999 ("We are wary of granting Rule 60(b) relief for excusable neglect based on claims of attorney error.").

In *Solaroll Shade and Shutter Corp. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986), the Eleventh Circuit rejected the appellant's argument that the "oversight" of counsel in failing to respond to a motion was excusable neglect under Rule 60(b) "even if that attorney is preoccupied with other litigation" and even though such a result "appear[ed] to penalize innocent clients for the forgetfulness of their attorneys." *Id.* Surely, "clients are held accountable for the acts and omissions of their attorneys. This is because the client freely selects his agent and must suffer any consequences that may result from that agency relationship." *In re Bloomer*, 552 B.R. 897, 900 (Bankr. S.D. Fla. 2016) (citing *Pioneer*, 507 U.S. at 396–97).

Review of all of the circumstances presented in this case leads to the conclusion that Plaintiff has not established excusable neglect. As Defendants point out in their Response, Plaintiff's counsel received written, unambiguous notice of the deadline to respond to the Motion to Dismiss (via the NEFs). Plaintiff's counsel does not dispute that he received the NEFs associated with this Court's orders, including the Show Cause Order [ECF No. 28] and the Order of Dismissal [ECF No. 31]. Rather, Plaintiff's counsel states that he "failed to timely review and act upon those notices." Reply at 4. Notably, Plaintiff's counsel does not specify *when* he found out about the missed deadline or the dismissal order. Because Plaintiff has failed to present a "good reason" for his attorney's failure to file a timely response to the Motion to Dismiss or to respond to this Court's Show Cause Order, the negligence of Plaintiff's attorney does not constitute excusable neglect. *See Revere*, 362 F. App'x at 999. "A party may not ignore a district court order with impunity." *Honore v.*

*United States Post Office*, No. 8:24-cv-2845-VMC, 2025 WL 1796226 (M.D. Fla. June 30, 2025).

This Court notes that Plaintiff's counsel, Adam E. Miller, filed a similar motion seeking relief from an order of dismissal in the Middle District of Florida. In *Honore v. United States Post Office*, counsel failed to file a status report by the court's deadline and failed to respond to the court's show cause order, after which the court dismissed the case without prejudice "for violation of th[e] Court's orders and for failure to prosecute." *Id.* at *1. The district court denied plaintiff's Rule 60(b) motion, filed four and a half months after the dismissal order, on the basis of excusable neglect. The district court reasoned as follows:

> The Court does not find persuasive counsel's claim that he believed his paralegal was calendaring all necessary deadlines in this case and that belief was the cause of his inaction. Surely, once counsel received at the adam@millerlaw.legal address the Court's order to show cause for the two previous missed deadlines, counsel realized (or should have realized) that his paralegal was not calendaring the deadlines for this case. Counsel would have (and should have) realized that it was necessary for counsel to promptly draft a response to the show cause order. No explanation is given for why counsel did not realize the seriousness of the situation once he received the show cause order and later the dismissal order. Indeed, counsel never explicitly avers that he read the Court's orders when they were issued, and it appears that counsel must have failed to monitor the only email address he registered for CM/ECF notifications from this Court. "At best, the plaintiff's counsel's excuse is an admission that he does not bother reading the court's orders when it emails them to him, but instead relies on his paralegal to keep track of his cases. At worst, it simply is not true. Either way, it is not excusable neglect." *Gibson v. Wal-Mart, Inc.*, No. 1:18-cv-01665-CAP, 2019 WL 8376241, at *3 (N.D. Ga. Sept. 10, 2019); *see also Waxman v. Equitable Life Assur. Soc'y of U.S.*, No. 07-80942-CIV, 2008 WL 2047881, at *1 (S.D. Fla. May 13, 2008) ("Although Plaintiff's counsel may prefer to delegate the task of checking e-mail and calendaring deadlines to her secretary, Plaintiff's counsel has a responsibility to check the docket.").

*Honore*, 2025 WL 1796226, at *2–3. This Court agrees with the reasoning in *Honore* and finds it persuasive in light of the similar circumstances and similar excuse given by counsel in this case.

Furthermore, as in *Honore*, Plaintiff's counsel significantly delayed moving to set aside the Order of Dismissal. Although a copy of the dismissal order was automatically sent to Plaintiff's counsel's email addresses on the day it was entered, Plaintiff waited two months to file the instant Motion. Notably, as Defendants point out in the Response, counsel's affidavit provides no explanation for the two-month delay in moving to set aside the dismissal. At most, counsel avers that he "acted promptly to prepare and file the appropriate pleadings seeking relief from the dismissal and to submit Plaintiff's Response to the Motion to Dismiss" "upon learning that the case had been dismissed" at an unspecified time. [ECF No. 32-1]. This "lack of detail" in explaining the lengthy delay in moving for relief is fatal to the Motion. *See Sloss Indus. Corp.*, 488 F.3d at 935 ("[T]he affidavits say nothing about when Eurisol or its counsel learned about the initial default judgment on liability or the final default judgment. This lack of detail is, in our view, fatal to Eurisol's Rule 60(b)(1) motion," which was filed "over one month after the default judgment was entered.").

In short, the totality of the circumstances does not favor Plaintiff under Rule 60(b)(1). Counsel's negligence was not excusable, and he has not shown that his failure to pay attention to cases and dockets, to respond to motions and other court filings, and to read this Court's Orders and to act upon them in a timely fashion were the result of inadvertence or a mistake.

***B. Statute Of Limitations.***

As noted above, Plaintiff indicates that that statute of limitations has now expired, and, therefore, he cannot proceed with his Section 1983 claims in a new action. Plaintiff argues that the practical effect of denying his Rule 60(b)(1) Motion would amount to the ultimate sanction of dismissal with prejudice. Reply at 2. It is true that "where a dismissal without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice, a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." *Perry v. Zinn Petroleum Cos.*, 495 F. App'x 981, 984 (11th Cir. 2012) (citation and quotation marks omitted).

"The statute of limitations for § 1983 claims is 'governed by the forum state's residual personal injury statute of limitations,' which is four years in Florida." *Harvey v. Sec'y, Fla. Dep't of Corr.*, No. 25-13290, 2026 WL 2412593, at *6 (11th Cir. Aug. 18, 2026) (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999); and citing Fla. Stat. § 95.11(3)). In Florida, the statute of limitations for false arrest and false imprisonment is also four years. Fla. Stat. § 95.11(3)(n); *see Perez v. City of Hialeah*, No. 25-24542-CIV, 2026 WL 2280015, at *3 (S.D. Fla. Aug. 7, 2026) (Moreno, J.) ("In Florida, the statute of limitations for false arrest is four years.") (citing Fla. Stat. § 95.11(3)(n)); *Jean v. City of North Miami Beach*, No. 24-23330-CV, 2025 WL 3689872, at *3 (S.D. Fla. July 3, 2025) (Williams, J.) ("Under Florida law, false arrest and false imprisonment claims are governed by a four-year statute of limitations."). The statute of limitations begins to run when the plaintiff knew or should have known of his injury; for false arrest claims, this is

generally the date of the arrest. *Doe as Next Friend of Doe #6 v. Swearingen*, 51 F.4th 1295, 1302–03 (11th Cir. 2022); *Scullock v. Gee*, 161 So. 3d 421, 422 (Fla. 2d DCA 2014).[1]

As alleged in the Second Amended Complaint, Plaintiff's arrest occurred on May 31, 2023, and, therefore, the statute of limitations has yet to expire, and likely expires on May 31, 2027. Thus, contrary to Plaintiff's assertion, Plaintiff is not significantly prejudiced by this Court's dismissal without prejudice, as Plaintiff may promptly refile his action and pursue his claims. Upholding this Court's dismissal order will ensure that counsel will be more likely to review and regard Court orders and local rules going forward.

## V. CONCLUSION

Accordingly, for the reasons set forth above, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion [**ECF No. 32**] is **DENIED**. This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida, this 15th day of November, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

[1] In 2023, the Florida legislature passed a tort reform law (HB 837) that reduced the statute of limitations from four years to two years for an "action founded on negligence." Fla. Stat. § 95.11(5)(a). The change effects claims which accrued after March 24, 2023. However, intentional torts, like false arrest and false imprisonment, retain the four-year limitations period. *See* Fla. Stat. § 95.11(3)(n).